# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| RICHARD A. DAVIDSON, | : | Case No. 1:18-cv-777 |
|     Plaintiff, | : | |
| | : | District Judge Timothy S. Black |
| vs. | : | Magistrate Judge Karen L. Litkovitz |
| | : | |
| STATE OF OHIO, *et al.*, | : | |
| | : | |
|     Defendants. | : | |

## ORDER ADOPTING THE
## REPORT AND RECOMMENDATION

This civil case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Karen L. Litkovitz. Pursuant to such reference, the Magistrate Judge reviewed the relevant pleading and, on December 10, 2018 and December 21, 2018, submitted two Report and Recommendations, recommending that Plaintiff's complaint be dismissed with prejudice (Doc. 4) and that Plaintiff's motions to amend his complaint be denied (Doc. 8). Plaintiff filed objections to both Report and Recommendations on December 18, 2018 and December 28, 2018, respectively. (Docs. 6, 9).

Plaintiff's complaint seeks to invalidate the Ohio criminal statute under which Plaintiff was convicted in state court. (Doc. 3). The complaint specifically states that Plaintiff seeks "damages in any manner this Court deems appropriate in the furtherance of justice, as the Plaintiff has shown serious harm by being unlawfully convicted of a void statute." (*Id.* at 11). However, as the Magistrate Judge correctly states, Plaintiff cannot challenge the validity of the statute without necessarily invalidating his underlying

criminal conviction. (Doc. 4). Thus, Plaintiff is not entitled to such relief, pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), unless his criminal conviction is invalidated first. And Plaintiff's subsequent requests to amend his complaint and for a declaratory judgment under Fed. R. Civ. P. 57 are not proper and would not resolve the defects in this case. (Doc. 8).[1] Moreover, to the extent Plaintiff seeks to challenge his criminal conviction, he must do so by way of a habeas petition, pursuant to 28 U.S.C. § 2254.

Plaintiff's objections to the Report and Recommendations allege that the Magistrate Judge incorrectly interprets the relief Plaintiff seeks. The Court disagrees. Thus, Plaintiff's objections serve only to reassert the claims raised in his pleadings, none of which are well-taken. (Docs. 6, 9).[2]

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all

---

[1] Fed. R. Civ. P. 57 provides, in relevant part, that: "The existence of another adequate remedy does not preclude a declaratory judgment **that is otherwise appropriate**." (Emphasis added).

[2] "The filing of objections provides the district court with the opportunity to consider the *specific* contentions of the parties and to correct any errors immediately." *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981) (emphasis added). "A party's objections are not sufficiently specific if they merely restate the claims made in the initial petition, 'disput[e] the correctness' of a report and recommendation without specifying the findings purportedly in error, or simply 'object[ ] to the report and recommendation and refer[ ] to several of the issues in the case.'" *Bradley v. United States*, No. 18-1444, 2018 WL 5084806, at *3 (6th Cir. Sept. 17, 2018) (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). In other words, "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). Here, because Plaintiff's general objections merely reassert the same arguments previously raised, Plaintiff fails to provide "<u>specific</u> written objections" to the Report and Recommendations. Fed. R. Civ. P. 72(b)(2) (emphasis added). Moreover, upon *de novo* review, the Court finds that the Magistrate Judge's recommendations are thorough and accurate, and, accordingly, **Plaintiff's objections are overruled**.

of the filings in this matter. Upon consideration of the foregoing, the Court determines

that the Report and Recommendations (Docs. 4, 8) should be, and are hereby, adopted in

their entirety. Accordingly:

1.  Plaintiff's objections to the Report and Recommendations (Docs. 6, 9) are **OVERRULED**;

2.  The Report and Recommendations (Docs. 4, 8) are **ADOPTED**;

3.  Plaintiff's complaint (Doc. 3) is hereby **DISMISSED with prejudice**, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1);

4.  Plaintiff's motions to amend the complaint (Docs. 5, 7) are hereby **DENIED**;

5.  The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** on the docket of this Court; and

6.  Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal of this Order would not be taken in good faith and, therefore, this Court **DENIES** Petitioner leave to appeal *in forma pauperis*.

**IT IS SO ORDERED.**

Date: 8/28/2019                           *s/ Timothy S. Black*
                                                         Timothy S. Black
                                                          United States District Judge